## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRINK'S CAPITAL LLC, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cv-01743 |
| | : | |
| v. | : | |
| | : | |
| SUNJ'S BEER, WINE, & LIQUOR LLC, a limited | : | |
| liability company, MIGUEL GOMEZ, individually, | : | |
| and VICTOR CASADA, individually, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Brink's Capital LLC ("Plaintiff" or "Brink's") files this Complaint against Defendants SunJ's Beer, Wine, & Liquor LLC ("SunJ's"), Miguel Gomez ("Gomez"), and Victor Casada ("Casada") (collectively, the "Defendants"), stating as follows:

## PARTIES

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware.  The sole member of Plaintiff is Brink's Capital Holding Company LLC, a Delaware limited liability company.  The sole member of Brink's Capital Holding Company LLC is Brink's Finance Holding Company LLC, a Delaware limited liability company.  The sole member of Brink's Finance Holding Company LLC is Brink's Holding Company, a Delaware corporation with its principal place of business located in the State of Delaware.  Accordingly, Plaintiff is a citizen of the State of Delaware.  *See* 28 U.S.C. § 1332(c)(1).

2.      Defendant SunJ's is a limited liability company that is organized and existing under the laws of the State of Connecticut.  The members of SunJ's are Gomez, Sunny Makwana, and Eric Gonzalez, each of whom is an individual and a resident of the State of Connecticut. Defendant Casada is an individual and a resident of the State of Connecticut.  Accordingly, all defendants are

citizens of the State of Connecticut.  *See* 28 U.S.C. § 1332(a); *Windward Bora LLC v. Browne*, 110 F.4th 120, 127 (2d Cir. 2024) ("Although Congress has never explicitly laid out jurisdictional rules for unincorporated entities, the Supreme Court has held that diversity jurisdiction in a suit by or against such an 'entity depends on the citizenship of all its members.'" (quoting *Americold Realty Tr. V. Conagra Foods, Inc.*, 577 U.S. 378, 381, 136 S.Ct. 1012, 194 L.Ed.2d 71 (2016)); *see also Mullins v. TestAmerica, Inc*., 564 F.3d 386, 397 (5th Cir. 2009) (to discern the citizenship of an LLC, a court must trace citizenship "down the various organizational layers").

3.      SunJ's may be served with process through its registered agent, Defendant Gomez, at 97 Prospect Street, Stamford, Connecticut 06901.

4.      Defendant Gomez is an individual that may be served with process at his place of residence located at 26 Prospect Avenue, Norwalk, Connecticut 06850.

5.      Defendant Casada is an individual that can be served with process at his residence located at 99 Prospect Street, 3G, Stamford, Connecticut.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a claim against Defendants arising under federal law, namely, the Racketeer Influenced Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961, *et seq*.

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because such claims are related to Plaintiff's federal statutory claim in that they form part of the same case or controversy.

8.      This Court also has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and each of the

Defendants in this case (as set forth herein, *supra*), and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.     Venue is further proper in this Court under to 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District and one or more of the Defendants reside in this District.

## FACTS

10.     In October 2020, Gomez, non-party Eric Gonzalez, and non-party Sunny Makwana organized SunJ's, through which they operate a liquor store located at 97 Prospect Street in Stamford, Connecticut.

11.     SunJ's is engaged in or otherwise affects interstate commerce by, *inter alia*, purchasing liquors and other consumer goods that are manufactured or offered wholesale in other states or countries so those goods can be sold at retail to consumers in Stamford, Connecticut.

12.     On or about November 29, 2022, SunJ's entered into a BLUbeem Cash Service Agreement with Plaintiff (the "BLUbeem Agreement").   A true and correct copy of the BLUbeem Agreement is attached hereto as Exhibit A.

13.     BLUbeem is a service that allows Plaintiff's customers, like SunJ's, to quickly exchange their cash receivables for electronic credits which are deposited into a customer's bank account.

14.     Under the BLUbeem Agreement, a customer deposits U.S. currency into equipment provided by Plaintiff (the "Equipment").  Ownership of this currency immediately transfers to Plaintiff upon deposit into the Equipment.  *See* Ex. A, p. 1, § 1(c)(i).  Plaintiff then initiates issuance of ACH credit to the customer's bank account based upon the declared value of the deposit (minus any applicable deposit fees).  *Id.* at p. 1, § 1(c)(ii).

15.     Before Plaintiff can initiate issuance of ACH credits to a customer under the BLUbeem Agreement, customers (such as SunJ's) must provide a declaration for each deposit placed in the Equipment.  Any such declaration must be made by the customer before the deposit is actually placed in the Equipment, and must include the declared value of currency in a particular deposit (the "Declared Value"), as well as the serial number for the deposit bag containing any manual deposit.

16.     To facilitate these transactions under the BLUbeem Agreement, Plaintiff provided SunJ's with access to the "BLUbeem App," an Internet-based application that SunJ's managers and employees could use to provide a Declared Value for currency deposited into the Equipment.

17.     BLUbeem App user profiles were created for several of SunJ's managers and employees, including for Defendant Gomez and Defendant Casada.

18.     Because Plaintiff relies upon its customers to provide an accurate Declared Value for their deposits when issuing ACH credits, SunJ's agreed under the BLUbeem Agreement to use its best efforts to ensure that the value of U.S. currency deposited into the Equipment would equal the Declared Value of those deposits.  *See* Ex. A, p. 1, § 1(c)(iii).

19.     Under the BLUbeem Agreement, SunJ's also promised that it would not conceal or misrepresent the value of currency deposited into the Equipment.   *See* Ex. A, p. 3, § 4(c).

20.     If any variance did occur, however, Plaintiff and SunJ's contractually agreed that Plaintiff would issue additional ACH credits or debits, as necessary, so that SunJ's was appropriately credited for the actual value of the currency deposited into the equipment.  *See* Ex. A, p. 1, § 1(c)(iii).

21.     SunJ's agreed under the BLUbeem Agreement to provide Plaintiff with the banking information necessary to complete these ACH credits and debits and promised to provide at least

30 days' advance notice before making any changes to its banking information. *See* Ex. A, p. 3, § 4(e).

22.     In approximately February 2025, however, Gomez and Casada conspired and agreed that they would repeatedly and systematically overstate the Declared Value of currency deposited into the Equipment over an extended period of time, causing Plaintiff to issue excess ACH credits into SunJ's bank account.  In addition, SunJ's bank account has been closed to prevent Plaintiff from making ACH debits to recoup the funds as the BLUbeem Agreement contemplated.

23.     On February 6, 2025, Gomez used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348514 with a declared value of $5,000 into Plaintiff's Equipment.

24.     In reliance upon the declared value provided by Gomez through the BLUbeem App on February 6, 2025, for deposit bag no. BCIBB1348514, Plaintiff caused ACH credits in the amount of $5,000, less applicable fees, to be issued to SunJ's bank account.

25.     Contrary to Gomez's aforesaid declaration, however, deposit bag no. BCIBB1348514 contained only $100.

26.     On February 8, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348414 with a declared value of $7,138 into Plaintiff's Equipment.

27.     In reliance upon the declared value provided by Casada through the BLUbeem App on February 8, 2025, for deposit bag no. BCIBB1348414, Plaintiff caused ACH credits in the amount of $7,138, less applicable fees, to be issued to SunJ's bank account.

28.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348414 contained only $138.

29.     On February 9, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348413 with a declared value of $7,205 into Plaintiff's Equipment.

30.     In reliance upon the declared value provided by Casada through the BLUbeem App on February 9, 2025 for deposit bag no. BCIBB1348413, Plaintiff caused ACH credits in the amount of $7,205, less applicable fees, to be issued to SunJ's bank account.

31.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348413 contained only $205.

32.     On February 9, 2025, Gomez used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348408 with a declared value of $7,000 into Plaintiff's Equipment.

33.     In reliance upon the declared value provided by Gomez through the BLUbeem App on February 9, 2025, for deposit bag no. BCIBB1348408, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

34.     Contrary to Gomez's aforesaid declaration, however, deposit bag no. BCIBB1348408 contained only $100.

35.     On February 9, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348412 with a declared value of $7,000 into Plaintiff's Equipment.

36.     In reliance upon the declared value provided by Casada through the BLUbeem App on February 9, 2025 for deposit bag no. BCIBB1348412, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

37.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348412 contained only $143.

38.     On February 12, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348410 with a declared value of $7,055 into Plaintiff's Equipment.

39.     In reliance upon the declared value provided by Casada through the BLUbeem App on February 12, 2025 for deposit bag no. BCIBB1348410, Plaintiff caused ACH credits in the amount of $7,055, less applicable fees, to be issued to SunJ's bank account.

40.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348410 contained only $55.

41.     On February 13, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348411 with a declared value of $7,100 into Plaintiff's Equipment.

42.     In reliance upon the declared value provided by Casada through the BLUbeem App on February 13, 2025 for deposit bag no. BCIBB1348411, Plaintiff caused ACH credits in the amount of $7,100, less applicable fees, to be issued to SunJ's bank account.

43.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348411 contained only $100.

44.     On February 15, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348432 with a declared value of $7,213 into Plaintiff's Equipment.

45.     In reliance upon the declared value provided by Casada through the BLUbeem App on February 15, 2025 for deposit bag no. BCIBB1348432, Plaintiff caused ACH credits in the amount of $7,213, less applicable fees, to be issued to SunJ's bank account.

46.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348432 contained only $214.

47.     On February 16, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348429 with a declared value of $7,175 into Plaintiff's Equipment.

48.     In reliance upon the declared value provided by Casada through the BLUbeem App on February 16, 2025 for deposit bag no. BCIBB1348429, Plaintiff caused ACH credits in the amount of $7,175, less applicable fees, to be issued to SunJ's bank account.

49.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348429 contained only $175.

50.     On February 16, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348428 with a declared value of $7,000 into Plaintiff's Equipment.

51.     In reliance upon the declared value provided by Casada through the BLUbeem App on February 16, 2025 for deposit bag no. BCIBB1348428, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

52.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348428 contained only $144.

53.     On February 22, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348423 with a declared value of $7,291 into Plaintiff's Equipment.

54.     In reliance upon the declared value provided by Casada through the BLUbeem App on February 22, 2025 for deposit bag no. BCIBB1348423, Plaintiff caused ACH credits in the amount of $7,291, less applicable fees, to be issued to SunJ's bank account.

55.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348423 contained only $291.

56.     On February 23, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348421 with a declared value of $7,150.25 into Plaintiff's Equipment.

57.     In reliance upon the declared value provided by Casada through the BLUbeem App on February 23, 2025 for deposit bag no. BCIBB1348421, Plaintiff caused ACH credits in the amount of $7,150.25, less applicable fees, to be issued to SunJ's bank account.

58.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348421 contained only $150.25.

59.     On March 2, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348513 with a declared value of $7,223 into Plaintiff's Equipment.

60.     In reliance upon the declared value provided by Casada through the BLUbeem App on March 2, 2025 for deposit bag no. BCIBB1348513, Plaintiff caused ACH credits in the amount of $7,223, less applicable fees, to be issued to SunJ's bank account.

61.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348513 contained only $233.

62.     On March 9, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348505 with a declared value of $7,099 into Plaintiff's Equipment.

63.     In reliance upon the declared value provided by Casada through the BLUbeem App on March 9, 2025 for deposit bag no. BCIBB1348505, Plaintiff caused ACH credits in the amount of $7,099, less applicable fees, to be issued to SunJ's bank account.

64.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348505 contained only $99.

65.     On March 9, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348509 with a declared value of $7,149 into Plaintiff's Equipment.

66.     In reliance upon the declared value provided by Casada through the BLUbeem App on March 9, 2025 for deposit bag no. BCIBB1348509, Plaintiff caused ACH credits in the amount of $7,149, less applicable fees, to be issued to SunJ's bank account.

67.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348509 contained only $149.

68.     On March 13, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348510 with a declared value of $7,123 into Plaintiff's Equipment.

69.     In reliance upon the declared value provided by Casada through the BLUbeem App on March 13, 2025 for deposit bag no. BCIBB1348510, Plaintiff caused ACH credits in the amount of $7,123, less applicable fees, to be issued to SunJ's bank account.

70.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348510 contained only $123.

71.     On March 14, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348504 with a declared value of $7,092 into Plaintiff's Equipment.

72.     In reliance upon the declared value provided by Casada through the BLUbeem App on March 14, 2025 for deposit bag no. BCIBB1348504, Plaintiff caused ACH credits in the amount of $7,092, less applicable fees, to be issued to SunJ's bank account.

73.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348504 contained only $92.

74.     On March 15, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348503 with a declared value of $7,120 into Plaintiff's Equipment.

75.     In reliance upon the declared value provided by Casada through the BLUbeem App on March 15, 2025 for deposit bag no. BCIBB1348503, Plaintiff caused ACH credits in the amount of $7,120, less applicable fees, to be issued to SunJ's bank account.

76.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348503 contained only $120.

77.    On March 16, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348501 with a declared value of $7,161 into Plaintiff's Equipment.

78.    In reliance upon the declared value provided by Casada through the BLUbeem App on March 16, 2025 for deposit bag no. BCIBB1348501, Plaintiff caused ACH credits in the amount of $7,161, less applicable fees, to be issued to SunJ's bank account.

79.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348501 contained only $161.

80.    On March 16, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348500 with a declared value of $7,000 into Plaintiff's Equipment.

81.    In reliance upon the declared value provided by Casada through the BLUbeem App on March 16, 2025 for deposit bag no. BCIBB1348500, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

82.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348500 contained only $172.

83.    On March 18, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348499 with a declared value of $7,080 into Plaintiff's Equipment.

84.    In reliance upon the declared value provided by Casada through the BLUbeem App on March 18, 2025 for deposit bag no. BCIBB1348499, Plaintiff caused ACH credits in the amount of $7,080, less applicable fees, to be issued to SunJ's bank account.

85.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348499 contained only $80.

86.    On March 19, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348498 with a declared value of $7,160 into Plaintiff's Equipment.

87.    In reliance upon the declared value provided by Casada through the BLUbeem App on March 19, 2025 for deposit bag no. BCIBB1348498, Plaintiff caused ACH credits in the amount of $7,160, less applicable fees, to be issued to SunJ's bank account.

88.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348498 contained only $160.

89.    On March 20, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348497 with a declared value of $7,144 into Plaintiff's Equipment.

90.    In reliance upon the declared value provided by Casada through the BLUbeem App on March 20, 2025 for deposit bag no. BCIBB1348497, Plaintiff caused ACH credits in the amount of $7,144, less applicable fees, to be issued to SunJ's bank account.

91.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348497 contained only $144.

92.    On March 21, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348496 with a declared value of $7,141 into Plaintiff's Equipment.

13

93.     In reliance upon the declared value provided by Casada through the BLUbeem App on March 21, 2025 for deposit bag no. BCIBB1348496, Plaintiff caused ACH credits in the amount of $7,141, less applicable fees, to be issued to SunJ's bank account.

94.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348496 contained only $141.

95.     On March 22, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348518 with a declared value of $7,185 into Plaintiff's Equipment.

96.     In reliance upon the declared value provided by Casada through the BLUbeem App on March 22, 2025 for deposit bag no. BCIBB1348518, Plaintiff caused ACH credits in the amount of $7,185, less applicable fees, to be issued to SunJ's bank account.

97.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348518 contained only $185.

98.     On March 23, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348495 with a declared value of $7,257 into Plaintiff's Equipment.

99.     In reliance upon the declared value provided by Casada through the BLUbeem App on March 23, 2025 for deposit bag no. BCIBB1348495, Plaintiff caused ACH credits in the amount of $7,257, less applicable fees, to be issued to SunJ's bank account.

100.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348495 contained only $257.

101.    On March 23, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348494 with a declared value of $7,000 into Plaintiff's Equipment.

102.    In reliance upon the declared value provided by Casada through the BLUbeem App on March 23, 2025 for deposit bag no. BCIBB1348494, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

103.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348494 contained only $71.

104.    On March 25, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348493 with a declared value of $7,175 into Plaintiff's Equipment.

105.    In reliance upon the declared value provided by Casada through the BLUbeem App on March 25, 2025 for deposit bag no. BCIBB1348493, Plaintiff caused ACH credits in the amount of $7,175, less applicable fees, to be issued to SunJ's bank account.

106.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348493 contained only $175.

107.    On March 26, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601270 with a declared value of $7,065 into Plaintiff's Equipment.

108.    In reliance upon the declared value provided by Casada through the BLUbeem App on March 26, 2025 for deposit bag no. BCIBB8601270, Plaintiff caused ACH credits in the amount of $7,065, less applicable fees, to be issued to SunJ's bank account.

109. Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601270 contained only $65.

110. On March 27, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601271 with a declared value of $7,094 into Plaintiff's Equipment.

111. In reliance upon the declared value provided by Casada through the BLUbeem App on March 27, 2025 for deposit bag no. BCIBB8601271, Plaintiff caused ACH credits in the amount of $7,094, less applicable fees, to be issued to SunJ's bank account.

112. Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601271 contained only $94.

113. On March 28, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601272 with a declared value of $7,187 into Plaintiff's Equipment.

114. In reliance upon the declared value provided by Casada through the BLUbeem App on March 28, 2025 for deposit bag no. BCIBB8601272, Plaintiff caused ACH credits in the amount of $7,187, less applicable fees, to be issued to SunJ's bank account.

115. Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601272 contained only $187.

116. On March 29, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601273 with a declared value of $7,250 into Plaintiff's Equipment.

117.    In reliance upon the declared value provided by Casada through the BLUbeem App on March 29, 2025 for deposit bag no. BCIBB8601273, Plaintiff caused ACH credits in the amount of $7,250, less applicable fees, to be issued to SunJ's bank account.

118.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601273 contained only $250.

119.    On March 30, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601278 with a declared value of $7,124 into Plaintiff's Equipment.

120.    In reliance upon the declared value provided by Casada through the BLUbeem App on March 30, 2025 for deposit bag no. BCIBB8601278, Plaintiff caused ACH credits in the amount of $7,124, less applicable fees, to be issued to SunJ's bank account.

121.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601278 contained only $124.

122.    On March 30, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601279 with a declared value of $7,000 into Plaintiff's Equipment.

123.    In reliance upon the declared value provided by Casada through the BLUbeem App on March 30, 2025 for deposit bag no. BCIBB8601279, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

124.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601279 contained only $85.

125.    On April 2, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601277 with a declared value of $7,079 into Plaintiff's Equipment.

126.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 2, 2025 for deposit bag no. BCIBB8601277, Plaintiff caused ACH credits in the amount of $7,079, less applicable fees, to be issued to SunJ's bank account.

127.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601277 contained only $79.

128.    On April 3, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601281 with a declared value of $7,058 into Plaintiff's Equipment.

129.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 3, 2025 for deposit bag no. BCIBB8601281, Plaintiff caused ACH credits in the amount of $7,058, less applicable fees, to be issued to SunJ's bank account.

130.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601281 contained only $58.

131.    On April 4, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601282 with a declared value of $7,072 into Plaintiff's Equipment.

132.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 4, 2025 for deposit bag no. BCIBB8601282, Plaintiff caused ACH credits in the amount of $7,072, less applicable fees, to be issued to SunJ's bank account.

133.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601282 contained only $72.

134.    On April 5, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601283 with a declared value of $7,177 into Plaintiff's Equipment.

135.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 5, 2025 for deposit bag no. BCIBB8601283, Plaintiff caused ACH credits in the amount of $7,177, less applicable fees, to be issued to SunJ's bank account.

136.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601283 contained only $177.

137.    On April 6, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601284 with a declared value of $7,176 into Plaintiff's Equipment.

138.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 6, 2025 for deposit bag no. BCIBB8601284, Plaintiff caused ACH credits in the amount of $7,176, less applicable fees, to be issued to SunJ's bank account.

139.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601284 contained only $176.

140.    On April 6, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601276 with a declared value of $7,000 into Plaintiff's Equipment.

141.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 6, 2025 for deposit bag no. BCIBB8601276, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

142.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601276 contained only $132.

143.    On April 11, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348468 with a declared value of $7,247 into Plaintiff's Equipment.

144.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 11, 2025 for deposit bag no. BCIBB1348468, Plaintiff caused ACH credits in the amount of $7,247, less applicable fees, to be issued to SunJ's bank account.

145.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348468 contained only $247.

146.    On April 12, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348420 with a declared value of $7,015 into Plaintiff's Equipment.

147.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 12, 2025 for deposit bag no. BCIBB1348420, Plaintiff caused ACH credits in the amount of $7,015, less applicable fees, to be issued to SunJ's bank account.

148.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348420 contained only $15.

149.    On April 13, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB1348419 with a declared value of $7,254 into Plaintiff's Equipment.

150.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 13, 2025 for deposit bag no. BCIBB1348419, Plaintiff caused ACH credits in the amount of $7,254, less applicable fees, to be issued to SunJ's bank account.

151.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB1348419 contained only $254.

152.    On April 13, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601286 with a declared value of $7,000 into Plaintiff's Equipment.

153.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 13, 2025 for deposit bag no. BCIBB8601286, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

154.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601286 contained only $170.

155.    On April 18, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601196 with a declared value of $7,091 into Plaintiff's Equipment.

156.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 18, 2025 for deposit bag no. BCIBB8601196, Plaintiff caused ACH credits in the amount of $7,091, less applicable fees, to be issued to SunJ's bank account.

157.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601196 contained only $91.

158.    On April 19, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601263 with a declared value of $7,153 into Plaintiff's Equipment.

159.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 19, 2025 for deposit bag no. BCIBB8601263, Plaintiff caused ACH credits in the amount of $7,153, less applicable fees, to be issued to SunJ's bank account.

160.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601263 contained only $153.

161.    On April 20, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601262 with a declared value of $7,105 into Plaintiff's Equipment.

162.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 20, 2025 for deposit bag no. BCIBB8601262, Plaintiff caused ACH credits in the amount of $7,105, less applicable fees, to be issued to SunJ's bank account.

163.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601262 contained only $105.

164.    On April 20, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601292 with a declared value of $7,000 into Plaintiff's Equipment.

165.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 20, 2025 for deposit bag no. BCIBB8601292, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

166.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601292 contained only $230.

167.    On April 25, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601259 with a declared value of $7,192 into Plaintiff's Equipment.

168.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 25, 2025 for deposit bag no. BCIBB8601259, Plaintiff caused ACH credits in the amount of $7,192, less applicable fees, to be issued to SunJ's bank account.

169.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601259 contained only $192.

170.    On April 26, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601258 with a declared value of $7,269 into Plaintiff's Equipment.

171.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 26, 2025 for deposit bag no. BCIBB8601258, Plaintiff caused ACH credits in the amount of $7,269, less applicable fees, to be issued to SunJ's bank account.

172.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601258 contained only $269.

173.    On April 26, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601257 with a declared value of $7,000 into Plaintiff's Equipment.

174.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 26, 2025 for deposit bag no. BCIBB8601257, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

175.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601257 contained only $198.

176.    On April 27, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601256 with a declared value of $7,000 into Plaintiff's Equipment.

177.    In reliance upon the declared value provided by Casada through the BLUbeem App on April 27, 2025 for deposit bag no. BCIBB8601256, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

178.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601256 contained only $119.

179.    On May 2, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601253 with a declared value of $7,000 into Plaintiff's Equipment.

180.    In reliance upon the declared value provided by Casada through the BLUbeem App on May 2, 2025 for deposit bag no. BCIBB8601253, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

181. Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601253 contained only $146.

182. On May 3, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601252 with a declared value of $7,000 into Plaintiff's Equipment.

183. In reliance upon the declared value provided by Casada through the BLUbeem App on May 3, 2025 for deposit bag no. BCIBB8601252, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

184. Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601252 contained only $180.

185. On May 4, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601251 with a declared value of $7,000 into Plaintiff's Equipment.

186. In reliance upon the declared value provided by Casada through the BLUbeem App on May 4, 2025 for deposit bag no. BCIBB8601251, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

187. Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601251 contained only $54.

188. On May 9, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601249 with a declared value of $7,000 into Plaintiff's Equipment.

189.    In reliance upon the declared value provided by Casada through the BLUbeem App on May 9, 2025 for deposit bag no. BCIBB8601249, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

190.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601249 contained only $316.

191.    On May 10, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601248 with a declared value of $7,000 into Plaintiff's Equipment.

192.    In reliance upon the declared value provided by Casada through the BLUbeem App on May 10, 2025 for deposit bag no. BCIBB8601248, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

193.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601248 contained only $336.

194.    On May 11, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601247 with a declared value of $7,000 into Plaintiff's Equipment.

195.    In reliance upon the declared value provided by Casada through the BLUbeem App on May 11, 2025 for deposit bag no. BCIBB8601247, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

196.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601247 contained only $178.

197.     On May 16, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601245 with a declared value of $7,000 into Plaintiff's Equipment.

198.     In reliance upon the declared value provided by Casada through the BLUbeem App on May 16, 2025 for deposit bag no. BCIBB8601245, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

199.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601245 contained only $68.

200.     On May 18, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601244 with a declared value of $7,241 into Plaintiff's Equipment.

201.     In reliance upon the declared value provided by Casada through the BLUbeem App on May 18, 2025 for deposit bag no. BCIBB8601244, Plaintiff caused ACH credits in the amount of $7,241, less applicable fees, to be issued to SunJ's bank account.

202.     Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601244 contained only $241.

203.     On May 18, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601242 with a declared value of $7,142 into Plaintiff's Equipment.

204.     In reliance upon the declared value provided by Casada through the BLUbeem App on May 18, 2025 for deposit bag no. BCIBB8601242, Plaintiff caused ACH credits in the amount of $7,142, less applicable fees, to be issued to SunJ's bank account.

205.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601242 contained only $142.

206.    On May 23, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601240 with a declared value of $7,000 into Plaintiff's Equipment.

207.    In reliance upon the declared value provided by Casada through the BLUbeem App on May 23, 2025 for deposit bag no. BCIBB8601240, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

208.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601240 contained only $369.

209.    On May 24, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601238 with a declared value of $7,000 into Plaintiff's Equipment.

210.    In reliance upon the declared value provided by Casada through the BLUbeem App on May 24, 2025 for deposit bag no. BCIBB8601238, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

211.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601238 contained only $241.

212.    On May 25, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601237 with a declared value of $7,000 into Plaintiff's Equipment.

213.    In reliance upon the declared value provided by Casada through the BLUbeem App on May 25, 2025 for deposit bag no. BCIBB8601237, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

214.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601237 contained only $149.

215.    On May 30, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601236 with a declared value of $7,000 into Plaintiff's Equipment.

216.    In reliance upon the declared value provided by Casada through the BLUbeem App on May 30, 2025 for deposit bag no. BCIBB8601236, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

217.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601236 contained only $225.

218.    On May 31, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601234 with a declared value of $7,246 into Plaintiff's Equipment.

219.    In reliance upon the declared value provided by Casada through the BLUbeem App on May 31, 2025 for deposit bag no. BCIBB8601234, Plaintiff caused ACH credits in the amount of $7,246, less applicable fees, to be issued to SunJ's bank account.

220.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601234 contained only $246.

221.    On May 31, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601233 with a declared value of $7,000 into Plaintiff's Equipment.

222.    In reliance upon the declared value provided by Casada through the BLUbeem App on May 31, 2025 for deposit bag no. BCIBB8601233, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

223.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601233 contained only $342.

224.    On June 1, 2025, Casada used his BLUbeem App user profile and represented to Plaintiff that he was placing a deposit bag no. BCIBB8601232 with a declared value of $7,000 into Plaintiff's Equipment.

225.    In reliance upon the declared value provided by Casada through the BLUbeem App on June 1, 2025 for deposit bag no. BCIBB8601232, Plaintiff caused ACH credits in the amount of $7,000, less applicable fees, to be issued to SunJ's bank account.

226.    Contrary to Casada's aforesaid declaration, however, deposit bag no. BCIBB8601232 contained only $75.55.

227.    In sum, Casada, Gomez, and SunJ's represented to Plaintiff that they had deposited a total of **$469,655.45** more than what was actually deposited into the Equipment between February 6, 2025 and June 1, 2025, and Plaintiff issued excess ACH credits to SunJ's bank account in reliance on those representations.

228.    Plaintiff was unable to debit the excess ACH credits it had issued from SunJ's bank account.

229.    Due to Casada, Gomez, and SunJ's misrepresentations between February 6, 2025 and June 1, 2025, Plaintiff incurred losses totaling **$469,655.45**.

## COUNT I – BREACH OF CONTRACT (DEFENDANT SUNJ'S ONLY)

230.    Plaintiff incorporates Paragraph 1 through 229 of this Complaint by reference as if fully set forth herein.

231.    Plaintiff and Defendant SunJ's entered into the BLUbeem Agreement in 2022. *See* Ex. A.

232.    Under the BLUbeem Agreement, the term "Property" is defined as "U.S. currency or coin placed in the Equipment for which Customer is receiving Direct Credit." Ex. A, p. 2, § 1(l).

233.    Under the BLUbeem Agreement, SunJ's agreed to "not conceal or misrepresent any Property value, material fact or circumstance concerning the Property." *See* Ex. A, p. 3, § 4(c).

234.    Further, under the BLUbeem Agreement, SunJ's agreed to "use its best efforts to deposit cash into the Equipment equaling the Declared Value." *See* Ex. A, p. 1, § 1(c)(iii).

235.    Under the BLUbeem Agreement, the term "Declared Value" means "the amount of Property in the Equipment (i) reported by Customer via the BLUbeem App for each Deposit Bag; or (ii) inserted using a Bill Validator, as transmitted and posted to the BLUbeem App." *See* Ex. A, p. 2, § 1(g).

236.    Defendant SunJ's, acting through Defendants Gomez and Casada, systematically and fraudulently submitted declarations of amounts through the BLUbeem App that were less than the amount of funds actually deposited by Defendants into the Equipment over an extended period of time and for the purpose of defrauding Plaintiff of funds, which constitutes a breach of the BLUbeem Agreement, specifically § 1(c)(iii) and § 4(c) of the BLUbeem Agreement.

31

237.    Plaintiff has been damaged by SunJ's breaches of the BLUbeem Agreement in an amount to be proven at the trial of this matter.

## COUNT II- FRAUD (ALL DEFENDANTS)

238.    Plaintiff incorporates Paragraph 1 through 237 of this Complaint by reference as if fully set forth herein.

239.    Defendant SunJ's, acting by and through Defendants Gomez and Casada, knowingly and falsely represented to Plaintiff that SunJ's was depositing amounts into the Equipment that were far greater than the amounts that were actually being deposited into the Equipment on behalf of SunJ's on numerous occasions between February 6, 2025 and June 1, 2025.

240.    All Defendants acted and intended to act with malice and the specific intent to defraud Plaintiff into crediting SunJ's account in amounts far greater than the amount of funds that were actually being deposited by Defendants into the Equipment between February 6, 2025 and June 1, 2025.

241.    Plaintiff justifiably relied upon the false representations of Defendants by crediting SunJ's account with amounts that matched the declared values submitted by Defendants to Plaintiff via the BLUbeem App, but which amounts far exceeded the amount of actual funds deposited by Defendants into the Equipment between February 6, 2025 and June 1, 2025.

242.    Plaintiff has been damaged by Defendants' fraudulent actions in an amount to be determined at the trial of this matter, but in an amount not less than **$469,655.45**.

## COUNT III-VIOLATION OF THE RACKETEER INFLUENCED CORRUPT ORGANIZATIONS (RICO) ACT (ALL DEFENDANTS)

243.    Plaintiff incorporates Paragraph 1 through 242 of this Complaint by reference as if fully set forth herein.

244.    Pursuant to 18 U.S.C. § 1962(b), "[i]t shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

245.    Pursuant to 18 U.S.C. § 1962(c), "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

246.    Pursuant to 18 U.S.C. § 1962(d), "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

247.    As shown herein, Defendants have committed two (2) or more acts of "racketeering activity" as that term is defined in 18 U.S.C. § 1961(1), in connection with Defendants' systematic and fraudulent declarations of amounts submitted to Plaintiff through the BLUbeem App that were less than the amount of funds actually deposited by Defendants into the Equipment over an extended period of time and for the specific purpose of defrauding Plaintiff of funds between February 6, 2025 and June 1, 2025.

248.    Specifically, Defendants' actions violated 18 U.S.C. § 1343 (relating to wire fraud) and/or 18 U.S.C. § 1341 (relating to mail fraud), which constitute "racketeering activity" under the statutory definition of the term set forth in 18 U.S.C. § 1961(1).

249.    Defendants' aforementioned activities in systematically and fraudulently declaring amounts through the BLUbeem App that were less than the amount of funds actually deposited by Defendants into the Equipment, which occurred on numerous occasions over an extended period

of time between February 6, 2025 and June 1, 2025 and for the purpose of defrauding Plaintiff of funds, also constitute a "pattern of racketeering activity" under 18 U.S.C. § 1961(5).

250.    Defendants have directly or indirectly participated and conspired, through their actions and/or inactions, in an "enterprise" (as that term is defined in 18 U.S.C. § 1961(4)) that was formed by Defendants for the purpose of systematically and continuously defrauding Plaintiff of funds between February 6, 2025 and June 1, 2025.

251.    Further, the racketeering activities of Defendants were perpetuated by Defendants across state lines and affected interstate commerce through Defendants' illicit utilization of the BLUbeem App to perpetuate Defendants' fraudulent scheme.

252.    As a result of Defendants' RICO violations, Plaintiff is entitled to recover three (3) times its actual damages from Defendants, as well as all attorneys' fees and costs incurred by Plaintiff, pursuant to 18 U.S.C. § 1964(c).

## COUNT IV – CIVIL THEFT (DEFENDANTS GOMEZ AND CASADA ONLY)

253.    Plaintiff incorporates Paragraph 1 through 252 of this Complaint by reference as if fully set forth herein.

254.    This is a claim for civil theft against Defendants Gomez and Casada brought pursuant to Conn. Gen. Stat.§ 52-564.

255.    In Connecticut, civil theft makes liable in tort for treble damages "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property." Conn. Gen. Stat. § 52–564.

256.    A civil theft claim under Conn. Gen. Stat.§ 52-564 sounds in tort under Connecticut law.

257.    "'Civil theft is synonymous with larceny as defined by Conn. Gen. Stat. § 53a-119.'" *Nilsen v. SJV International Group, Inc.*, No. 3:23-cv-392 (KAD), 2024 WL 4993494, at *6 (D. Conn. Dec. 5, 2024) (quoting *Vossbrink v. Eckert Seamans Cherin, & Mellott, LLC*, 301 F.Supp.3d 381, 391 (D. Conn. 2018)).

258.    "Pursuant to § 53a-119, a person engages in larceny 'when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains, or withholds such property from an owner.'" *Nilsen*, 2024 WL 4993494, at *6 (quoting Conn. Gen. Stat. § 53a-119).

259.    Defendants Gomez and Casada's actions in systematically and fraudulently declaring amounts through the BLUbeem App that were less than the amount of funds actually deposited by Defendants into the Equipment, which occurred on numerous occasions over an extended period of time between February 6, 2025 and June 1, 2025 and for the purpose of defrauding Plaintiff of funds, constitute the tort of civil theft under Conn. Stat.§ 52-564.

260.    Pursuant to Conn. Gen. Stat.§ 52-564, Plaintiff is entitled to recover treble damages from Defendants Gomez and Casada as a result of their civil theft of funds from Plaintiff, the amount of which will be established at the trial of this matter, but is not less than three times the amount of **$469,655.45**.

## COUNT V- PUNITIVE DAMAGES (DEFENDANTS GOMEZ AND CASADA ONLY)

261.    Plaintiff incorporates Paragraph 1 through 260 of this Complaint by reference as if fully set forth herein.

262.    Under Connecticut law, "'[p]unitive damages may be awarded upon a showing fraud.'" *McLeod v. A Better Way Wholesale Autos, Inc.*, 177 Conn.App. 423, 453, 172 A.3d 802, 820 (2017) (quoting *Plikus v. Plikus*, 26 Conn. App. 174, 180, 599 A.2d 392 (1991)).

263.    Under Connecticut law, common-law punitive damages are limited to litigation expenses, such as attorney's fees, less taxable costs.  *Id.*, 172 A.3d at 820-21 (quoting *Hylton v. Gunter*, 313 Conn. 472, 484, 97 A.3d 970 (2014)).

264.    As shown herein, Defendant Gomez and Defendant Casada conspired to systematically and fraudulently declare amounts through the BLUbeem App that were less than the amount of funds actually deposited by Defendants into the Equipment, which occurred on numerous occasions over an extended period of time between February 6, 2025 and June 1, 2025 and for the purpose of defrauding Plaintiff of funds.

265.    The actions of Defendant Gomez and Defendant Casada entitle Plaintiff to an award of punitive damages against Defendant Gomez and Defendant Casada, which under Connecticut law amounts to an award of Plaintiff's attorney's fees and expenses of litigation, less any costs taxable to Plaintiff.

WHEREFORE based on the foregoing, Plaintiff prays that the Court enter a judgment in favor of Plaintiff and against Defendants as follows:

a.    Grant Plaintiff a monetary judgment in favor of Plaintiff and against Defendant SunJ's in an amount to be determined at the trial of this matter, but in an amount not less than **$469,655.45** due to Defendant SunJ's breach of contract, pursuant to Count I;

b.    Grant Plaintiff a judgment in favor Plaintiff and against all Defendants in an amount to be determined at the trial of this matter, but in an amount not less than **$469,655.45**, due to Defendants' fraud, pursuant to Count II;

c.    Grant Plaintiff a judgment in favor of Plaintiff and against all Defendants in an amount to be determined at the trial of this matter, but in an amount not less than three times the amount of **$469,655.45**, due to Defendants' RICO violation, pursuant to Count III;

d. Grant Plaintiff a judgment in favor of Plaintiff and against Defendant Gomez and Defendant Casada for civil theft pursuant to Conn. Gen. Stat.§ 52-564 in an amount to be determined at the trial of this matter, but in an amount not less than three times the amount of **$469,655.45**, pursuant to Count IV; and

e. Grant Plaintiff a judgment in favor of Plaintiff and against Defendant Gomez and Defendant Casada for punitive damages amounting to an award of Plaintiff's attorney's fees and expenses of litigation, less any costs taxable to Plaintiff, pursuant to Count V.

Dated: October 15, 2025

Plaintiff Brink's Capital LLC
By its Attorney

*/s/ Regina J. McClendon*

Regina J.  McClendon (Bar #ct31539)
Troutman Pepper Locke LLP
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Tel. 415.477.5700
regina.mcclendon@troutman.com